**CITY OF BRECKENRIDGE HILLS, Missouri, Respondent,**

v.

**Gary PARKER, Appellant.**

**No. ED 80415.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 13, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 8, 2002.

Alan E. DeWoskin, St. Louis, for appellant.

Paul E. Martin, Clayton, for respondent.

Before GARY M. GAERTNER, SR, P.J. and PAUL J. SIMON and CLIFFORD H. AHRENS, JJ.

### *ORDER*

PER CURIAM.

Gary Parker (Parker) appeals the judgment entered in favor of the City of Breckenridge Hills (Breckenridge) on its motion for partial summary judgment. Parker contends that the trial court erred in granting partial summary judgment to Breckenridge with respect to Parker's alleged violations of Breckenridge Code (Code) sections 410.050, 605.020, and 605.030 because (1) "genuine issues of material fact existed to preclude summary judgment by finding the following as undisputed facts: A. [Parker] was a 'Merchant' as defined under [sections] 605.010 and [] 605.030 of [the Code]; B. [Parker] delivers trucking services from 3111 Woodson Road in the city as defined under [sections] 605.010 and 605.020 of [the Code]; C. [Parker] is operating a 'Business' at 3111 Woodson Road; D. [Section] 365.090 of [the Code] does not authorize [Parker] to park his trucks on his property with his permission; E. The act of parking trucks at 3111 Woodson Road constitutes delivering trucking services from 3111 Woodson Road; and F. [Parker] is engaged in hauling and dumping from 3111 Woodson Road;" (2) it allowed Breckenridge to raise new issues, grounds, and arguments after the motion for partial summary judgment and response had been filed; and (3) further, it amended its opinion after ruling on Breckenridge's motion for partial summary judgment in violation of Rule 74.04(c)(3).

We have reviewed the briefs of the parties and the record on appeal and no error of law appears. An extended opinion reciting detailed facts and restating principles of law would have no precedential or

jurisprudential value. We affirm the judgment pursuant to Rule 84.16(b).